# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00706-CV

**Frederick O. Silver, Appellant**

**v.**

**Greg Abbott, in his official capacity as Governor of Texas, and the State of Texas, Appellees**

### FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY, NO. D-1-GN-19-006630, THE HONORABLE JAN SOIFER, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant Frederick O. Silver, proceeding pro se, filed a notice of appeal in October 2019 from the trial court's order granting appellees' plea to the jurisdiction and motion to sever.[1]  Appellant, however, is on the State's list of vexatious litigants.  *See* Tex. Civ. Prac. & Rem. Code 11.101 (generally authorizing court to enter order prohibiting person from filing "a new litigation" pro se without permission from local administrative judge when court, after notice and hearing, finds that person is "vexatious litigant"), .104(b) (requiring Office of Court Administration (OCA) to "post on the agency's Internet website a list of vexatious litigants subject to prefiling orders").

The OCA list reflects that appellant is subject to a prefiling order that was filed in Travis County in July 2019 specifically prohibiting him from filing "any new litigation in a court

---

[1]  The trial court assigned cause number D-1-GN-19-006630 for the severed action from cause number D-1-GN-19-002577.

in this State without first obtaining permission from a local administrative judge." *See id.* §§ 11.102 (generally prohibiting vexatious litigant from filing "new litigation" without permission from local administrative judge), .103 (generally prohibiting clerk of court from filing "litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge described by Section 11.102(a) permitting the filing"); *Johnson v. Hughey*, No. 06-12-00079-CV, 2012 WL 4761546, at *1–2 (Tex. App.—Texarkana Oct. 5, 2012, no pet.) (mem. op.).

By order dated October 18, 2019, we notified appellant that he was required to obtain the permission of the local administrative judge to file this appeal, provided him with the address of the local administrative judge, and ordered him within thirty days of the date of the order to demonstrate to this Court that he has obtained permission from the local administrative judge to file this appeal. *See* Tex. Civ. Prac. & Rem. Code §§ 11.001–.003. We also notified him that, if he failed to comply with the order within 30 days, we would dismiss this appeal.

Although he filed a response with this Court, appellant has failed to demonstrate that he has obtained the local administrative judge's permission to file this appeal. Accordingly, we dismiss this appeal. *See Johnson v. Parker*, No. 03-19-00067-CV, 2019 WL 3922908, at *1 (Tex. App.—Austin Aug. 20, 2019, no pet.) (mem. op.) (dismissing suit because vexatious litigant failed to demonstrate that he had obtained local administrative judge's permission to file appeal); *Johnson*, 2012 WL 4761546, at *1–2 (concluding that prerequisite was not met and that lawsuit should not have been filed because vexatious litigant failed to demonstrate local administrative judge's permission to file lawsuit and dismissing appeal).

2

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Kelly

Dismissed

Filed:   November 20, 2019

3